## JACOB CARPENTER *v.* JOHN TAYLOR.

A restaurant is not an inn, so as to subject the keeper to the liability of innkeepers. In order to charge a party as "innkeeper," it should appear that his premises were kept as an inn for the accommodation of travelers.

A person who enters a restaurant for a meal is not to be deemed a guest or traveler entitled to the protection which the law gives against innkeepers.

APPEAL by plaintiff from a judgment of the Sixth District Court. This action was brought against the defendant, the proprietor of Taylor's International Hotel, in Broadway, to recover the value of an opera glass, left by the plaintiff in the saloon of that hotel, and there lost. The evidence showed that the plaintiff came into the saloon to get refreshments between twelve and one o'clock at night, and left the opera glass when he went out, at which time the saloon was being closed. That a friend, who was with him, called early the next morning, but it was nowhere to be found. Judgment was rendered for the defendant, from which the plaintiff appealed.

*D. T. Walden*, for the appellant, that the defendant was liable as an innkeeper, cited the following authorities: Edwards on Bailments, 391, note .1, and *post; Mason* v. *Thompson*, 9 Pick. 280; *Clate* v. *Wiggins*, 14 Johns. R. 175; and that the defendant was a guest, he cited Edwards on Bailments, 393; *Bennett* v. *Miller*, 5 Tenn. R. 273; *McDonald* v. *Edgerton*, 5 Barb. R. 560.

*L. F. Cozans*, for the respondent, cited 2 Kent's Com. 594–6; *Calye's case*, 8 Co. 32; *Thompson* v. *Lacy*, 3 B. & Ald. 283.

INGRAHAM, FIRST JUDGE.—The evidence on the part of the plaintiff shows that he went into the defendant's place in Broadway, known as the International Hotel, to get refreshments. That he went into the saloon, and, on leaving it, left behind him an opera glass of the value of $40. That in the morning he returned there, and it was not to be found.

There was evidence on the part of the defence tending to show that the glass was not left there.

No evidence was given as to the character of defendant's building or employment, other than the name of his establishment. The justice rendered judgment for the defendant.

Whether the glass was or was not left in the saloon was a question of fact for the justice; with his finding on that subject the court would not interfere. In his first return he says that he was satisfied the glass was left there.

There are two grounds on which the defendant is sought to be held responsible:

1st. On the ground that the lost property was received by the defendant's servants.

2d. On the ground that the defendant, being an innkeeper, was liable for the goods of his guests stolen on the premises.

As to the first point, the evidence by no means shows that the property ever came to the possession of any of defendant's servants. On the contrary, the servants present were examined, and, so far as they could prove the negative, it is shown by them that they did not receive it. Whether, if it ever reached their

custody or not, the defendant could be held responsible, it is unnecessary to inquire, as the evidence on the first point is so doubtful as to render the decision of the justice on that point conclusive.

Upon the second ground, also, I think the justice has not erred. The evidence does not show the defendant to be an innkeeper. The mere name of his building, although called a hotel, does not establish that he is an innkeeper. If the business carried on by him was that of a boarding-house or restaurant merely, he would not thereby be subjected to the liabilities of an innkeeper. Story on Bailments, 475.

In order to warrant a finding against the defendant as an innkeeper, the evidence should have established that the place kept by the defendant was an inn—a place provided for the lodging and entertainment of travelers. No such evidence was offered in this case, and the justice would have erred in holding, on the testimony before him, that the defendant was an innkeeper. I have laid out of view the fact that the loss occurred in the saloon, whither the plaintiff resorted, not as a traveler, but for the mere temporary purpose of obtaining a meal. It cannot now be held that restaurants are to be deemed inns, subjecting the keepers thereof to all the responsibilities of an innkeeper. On the contrary, as the customs of society change, and the modes of living are altered, the law, as established under different circumstances, must yield and be accommodated to such changes. A mere eating-house for meals cannot now be considered an inn, nor can the liabilities attaching to innkeepers be extended to the proprietors of such establishments. They are wanting in some of the requisites necessary to constitute them inns, as no lodging places are provided for travelers; and although the defendant may carry on in another part of his premises the business of an innkeeper, it does not follow that the liability for that part of his premises is to be extended to the whole.

There is also another difficulty in this case—as to the character in which the plaintiff went to the defendant's premises. To entitle him to the protection of his property, it should appear

that he came to the defendant's premises as a traveler. If he went as a boarder, he cannot be deemed a traveler. Nor can a man who merely enters a restaurant to procure a meal, or re-freshments (as the witness said), be deemed a guest.

Besides, even if the plaintiff could be deemed a guest, there is no doubt that his character as such had ceased before the article was stolen.

It is not pretended that the glass was stolen while the plaintiff was there. He had left the place without any intention of re-turning, and, if the property was stolen, it was after the relation of the parties as host and guest had terminated. In such cases the liability ceases with the relation.

Judgment affirmed.