Gastenhofer *v.* Clair.

CHARLES GASTENHOFER, Respondent, *against* HENRY CLAIR, Appellant.

(Decided December 5th, 1881.)

The plaintiff, a resident of the City of New York, was invited by his uncle, who was a guest at the defendant's hotel in the same city, to dine with him and his family at the hotel. On going to the hotel accordingly, the plaintiff, not finding his uncle either in his room or in an upper dining room of the hotel, went into a lower dining room, and there ordered and took dinner. When he came out, he met his uncle, and was taken by the latter to dinner in the upper dining room; on going into which he left his overcoat on a chair near a rack in which such clothing was placed, in an outside room, where there was no attendant. He did not find his overcoat there on leaving the room; and, although search was made, it was never recovered. The dinner was charged to the plaintiff, but subsequently to his uncle, and paid for by the latter. *Held*, that the defendant was not responsible for the loss of the plaintiff's coat, as the relation of inn-keeper and guest did not exist between them.

APPEAL from a judgment of the district court in the City of New York for the Sixth Judicial District.

The action was brought to recover damages for the loss of the plaintiff's overcoat at the defendant's hotel. The plaintiff's uncle was a guest at the Park Avenue Hotel, corner of 32d Street and 4th Avenue, in the City of New York. The plaintiff lived at No. 31 West 20th Street, New York. He was invited by his uncle to dine with him and his family at the hotel and go afterwards to the Charity Ball. Pursuant to the invitation plaintiff went to the hotel about half-past-six o'clock on the evening of February 3d, 1881, looked in the register, found his uncle's name, inquired for his room of the clerk, sent up his card, and on being informed he was not in, went up with a servant to his uncle's room to seek for him, but did not find him, after a while went into the dining room and walked through, and looked for him, did not see him, went into the lower dining room and ordered his dinner, dined and came out, and then met his uncle and was taken by him into the upper

Gastenhofer *v.* Clair.

dining room to dine.  On going into the lower dining room he left his coat and hat with a boy in attendance and received them back when he came out.  Before going into the upper dining room with his uncle, he placed his coat on a chair alongside a rack on which there was clothing, in a room outside the upper dining room, there being no attendant.  On leaving the said dining room he could not find his coat, but found his hat and "arctics."  He went to the office of the hotel, and search was made for the coat, but it could not be found.  He borrowed his uncle's coat to go out and procure another coat, then returned to the hotel and went with the party to the ball, came back to the hotel afterwards but did not stay all night.  The dinner was afterwards charged to plaintiff but subsequently to the uncle and paid for by him.

The justice rendered judgment in favor of the plaintiff.  From the judgment the defendant appealed to this court.

*Henry H. Rice,* for appellant.

*Edward H. Moeran,* for respondent.

J. F. DALY, J.—[After stating the facts as above.]—The rule that makes the landlord of an inn responsible for the goods of his guest is a severe one, and can only be applied where the conventional relation of inn-keeper and guest exists.  It cannot be extended so as to protect one who is not a guest, but a mere caller on a guest, or a transient visitor upon the invitation of a guest.  Such was the status of the plaintiff in this case.  He claims to have become a guest himself by ordering and taking dinner while waiting for his uncle.  This put him in no different position from that he would have occupied had he sat down with his uncle as he had been invited to do.  He was there upon invitation of that gentleman, and with no intent to sojourn at the hotel as a guest for even the briefest period.  This distinguishes the case from *Kopper* v. *Willis* (9 Daly, 460), and from *Bennet* v. *Mellor* (5 T. R. 273), where the parties came to the inn to partake of its entertainment or accommodation, and for no other purpose.  In the former case, plaintiff went

with a friend, on the invitation of the latter, into the defendant's restaurant, frequented by transient parties, to get a meal. Plaintiff was just as much a guest as his friend was, for the latter was not stopping at the place, and the invitation merely involved the paying for the entertainment of both. In the other case, one of the strictest applications of the rule in the books, plaintiff's servant went to defendant's inn to leave the goods he was carrying until the next market day. He was refused that accommodation, but on asking refreshment it was furnished him. The entertainment of the house had thus been extended to him as a guest, and the landlord was held liable. It is not the fact that a person does or does not take lodgings or partake of refreshments in the inn that makes him a guest. It is the motive with which he visits the place: whether to use it even for the briefest period or the most trifling purpose as a public house or not: and I think it will be long before the courts will be disposed to hold landlords liable for the property of persons who call to visit their guests, and incidentally enjoy the hospitality of the house. The taking of the dinner without notice to the proprietor or the clerk no more constituted plaintiff a guest than his sitting in the parlor, using the reading-room or writing-room, etc., for any period, while waiting for his host to appear.

The judgment should be reversed, with costs.

Van Hoesen, J.—There must be at least two parties to every contract, and when it is attempted to charge an innkeeper with liability for the loss of goods belonging to a person who asserts that he was a guest, the inquiry is, how was the relation of guest and inn-keeper created? No person can make himself a guest without the inn-keeper's assent. Of course, that assent may be given by an agent or a servant, entrusted with the duty of receiving and rejecting travelers. There need be no formal bargain, for the acceptance of a person as a guest will be implied, where he calls for refreshment which is furnished to him by a servant who has the discretion either to give or to withhold it. But a man cannot make himself a guest by slipping into the dining room of a hotel and

Gastenhofer *v.* Clair.

ordering a dinner of a waiter who has no discretion whatever, and who brings what is ordered, under the belief that the person who gives the order is in the dining room by permission of the inn-keeper. Permission to enter the dining room can not be implied. A man can no more enter the dining room without permission, than he can enter a sleeping-room, and go to bed without permission. He must first give the inn-keeper an opportunity to receive or to reject him. If he be accepted as a guest, he is, of course, entitled to the usual privileges of a guest, and if the inn-keeper refuse, without reason, to receive him, an indictment, and a civil action for damages, will lie against him. Neither Clair, the inn-keeper, nor any of his clerks, nor any person who had the slightest control over any branch of the business of the inn, knew that Gastenhofer wished to become a guest. He went, uninvited, into the dining room, and without the consent, express or implied, of any one in authority, ordered a dinner, which a waiter brought to him. This dining room was not a public restaurant, and, therefore, the Kopper case, which is relied on by the plaintiff, does not apply. In that case Kopper went into an eating-house, by general invitation of the proprietor to the public, and with the understanding that all who came should be served without any previous arrangement with, or application to, the landlord. We held that he was a guest, as it appeared that the place was licensed as an inn, and that he had received refreshments in the usual way. No one had a right to enter the dining-room of the Park Avenue Hotel until he had received the permission of Clair, the inn-keeper. There appears to be no doubt that the plaintiff, being a man of respectability, would have been received, but it is of no moment whether that be so or not; so long as it takes two to make a bargain, he could not become a guest without making an application to be received as such to Clair, or to some person authorized to act for him in such a matter.

It is on this ground alone, that I place my decision, though I concur with Judge DALY in reversing the judgment.

Judgment reversed, with costs.