## LEWIS *v.* HITCHCOCK and another.

*(District Court, S. D. New York. January 26, 1882.)*

1. CIVIL RIGHTS ACT—DEMURRER—INN—RESTAURANT—VIDELICET.

   In an action to recover a penalty of $500 under section 2 of the civil rights act of March 1, 1875, (18 St. at Large, part 3, p. 335, Sup. Rev. St. 148,) the plaintiff must allege and prove that he is a "citizen."

   Where the penalty is claimed for a denial of the privileges of an "inn," under the first section of that act, the complaint will be held sufficient on demurrer if it alleges a denial of those privileges "at a certain inn, to-wit, a restaurant at No. 9 Chatham street." The word "restaurant" has no fixed and certain legal meaning, and a place known by that name may or may not be an inn; *i. e.*, provide lodgings as well as food for guests.

   The description of the place in question under a *videlicet* is not repugnant to the previous description as an inn; if it were, *semble* it would be disregarded.

Demurrer to Complaint.

*Peter Mitchell* and *John F. Quarles*, for plaintiff.

*N. J. Dittenhoefer* and *Albert Englehardt*, for defendants.

BROWN, D. J. This is an action brought by the plaintiff to recover a penalty of $500 under section 2 of the civil rights act of March 1, 1875, (18 St. at Large, part 3, p. 335, Supp. Rev. St. 148.)

The complaint states, in substance, that the defendants are "proprietors of a certain inn, to-wit, a restaurant at No. 9 Chatham street," in this city, and that on the fourth day of November, 1881, the plaintiff, a colored person, was refused food or refreshments there by orders of the defendants on account of his race or color. The defendants demur to the complaint on the grounds—*First,* that the plaintiff does not allege in his complaint that he is a "citizen;" and, *second,* that the place kept by the defendants is, in effect, alleged to be a mere restaurant and not an "inn."

Section 2 of the act above referred to provides that "any person who shall violate the foregoing section, (section 1,) by denying to any *citizen,* except for reasons by law applicable to citizens of every race and color, regardless of any previous condition of servitude, the full enjoyment of any of the accommodations, advantages, facilities, or privileges in said section enumerated, shall forfeit and pay the sum of $500 to the person aggrieved thereby, and shall also be deemed guilty of a misdemeanor," etc.

Section 1 declares that "all persons within the jurisdiction of the United States shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities, and privileges of *inns,* public conveyances on land or water, theaters, and other places of public amusement, subject only to the conditions and limitations established by law, and applicable alike to citizens of every race and color, regardless of any previous condition of servitude."

It will be noticed that section 2, which imposes the penalty sought to be recovered in this case, is limited to a denial of the rights referred to in the first section to "any citizen." The distinction between citizens and aliens is maintained in so many public statutes that it cannot be supposed that the use of the word "citizen" in this section is without reference to its proper signification of persons either born or naturalized in this country. The ordinary rule is that criminal and penal statutes like the present are to be construed strictly—that is, they are not to be extended beyond the fair and natural meaning of the language used; and there is nothing in the nature of the subject from which it can be presumed that congress intended to legislate in this instance for the benefit of aliens, so as to make it criminal for our citizens to refuse to aliens the privileges referred to. To entitle himself to recover the plaintiff must therefore prove that he is a "citi-

zen." Such an allegation should therefore appear upon the face of the complaint, and the complaint is insufficient on demurrer for want of it. *U. S.* v. *Taylor,* 3 FED. REP. 563; *Merserole* v. *Union Paper Collar Co.* 6 Blatchf. 356.

This would be sufficient to dispose of the present demurrer; but as this defect may be cured by amendment, and as the parties have argued at length the second ground of demurrer above stated, it is proper that the views of the court should also be stated on that point.

The only part of section 1 under which plaintiff's cause of action can come is that which concerns the "accommodations, advantages, facilities, and privileges of *inns.*" The complaint charges that the plaintiff was denied these privileges at a "certain inn, to-wit, a restaurant at No. 9 Chatham street." The defendants contend that this averment is defective in not alleging unequivocally that the place where the accommodations were denied him was in fact an inn where travelers are lodged and fed; and because the statement of the complaint is only equivalent to an allegation that the place was a restaurant, which the plaintiff means to claim is in law an inn.

If such were the proper construction of the language of the complaint, the objection would be well taken. The plaintiff cannot recover except upon proof that the place was an inn in the legal sense; that is, a place provided for the lodging and entertainment of travelers. A coffee-house, or a mere eating-house, is not an inn. To constitute an inn there must be some provision for the essential needs of a traveler upon his journey, viz., lodging as well as food. These two elements of an inn may doubtless be present in very disproportionate degrees, as the needs of the situation may require; but both must in some degree be present to constitute an inn. Story, Bail, § 475; *Carpenter* v. *Taylor,* 1 Hilt. 193; *Wintermute* v. *Clark,* 5 Sandf. 242; *People* v. *Jones,* 54 Barb. 316.

It was not necessary for the plaintiff in his complaint to allege anything more than that the place was an inn, as that is an ancient English word with a fixed and definite legal signification, and must be held to be so used in the statute of 1875. The term "restaurant" has no definite legal meaning. In Webster's Dictionary it is not even recognized as a word yet Anglicised. As currently understood it doubtless means only, or chiefly, an eating-house. But not unfrequently a bar forms a part of it; sometimes lodgings in addition; and it is also just as currently understood that in numerous resorts termed restaurants some lodgings for travelers are provided or alleged to be provided, so as to obtain a license for the sale of liquors, which is

allowed under the excise law of this state to hotels, taverns, or inns, only. Sess. Laws N. Y. 1857, *c.* 628, §§ 2, 8, 13; *Behan* v. *The People*, 17 N. Y. 516; *Schwab* v. *The People*, 4 Hun. 520. However this may be, it is sufficient to say that the term "restaurant" has no such fixed and definite legal meaning as necessarily to exclude its being an inn in the legal sense. It may be an inn, or it may not be, according to its real character. The name by which it goes is of little or no account, (*Carpenter* v. *Taylor*, 1 Hilt. 195,) and the court cannot say judicially that the place in question, though described under a *videlicet* as a restaurant, may not also be an inn, as previously averred.

The description of this place under a *videlicet* as "a restaurant at No. 9 Chatham street" is not, therefore, necessarily repugnant to the previous averment that the place was an inn. The office of a *videlicet* is to give some additional particulars of time, place, or circumstance explanatory of previous statements made in general terms. A *videlicet* is not allowed to render nugatory previous averments otherwise good.

In *Gleason* v. *McVickar*, 7 Cow. 43, it is said by the court, in relation to allegations under a *videlicet*, "if they be impossible or contrary or repugnant to the preceding matter they shall be rejected as surplusage and void." 2 Saund. 298, note 1. Under this rule, if a restaurant could not possibly be an inn, the description under the *videlicet* would be rejected as repugnant to the previous statement that the place was an inn. For the reasons above stated, however, there is no necessary repugnance between the two; and I consider the whole statement, taken together, as equivalent to an averment that the place referred to, though called a restaurant, was, in fact, an inn, and the complaint in this respect is, therefore, held sufficient.

On the first ground of objection, however, the demurrer must be sustained and judgment entered for the defendants, unless the plaintiff within 20 days amend his complaint and pay the costs of the demurrer.