(13 Misc. Rep. 230.)

SIMPSON v. ROURKE.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

BAILMENT—RESTAURANT KEEPER—LIABILITY FOR CUSTOMER'S EFFECTS.
   A restaurant keeper is not an insurer of the effects of his customers, but is only required to use ordinary care.

Appeal from Eleventh district court.
Action by Louis M. Simpson against Cornelius W. Rourke. Judgment was rendered in favor of defendant by the justice without a jury, and plaintiff appeals. Affirmed.
Argued before BOOKSTAVER and BISCHOFF, JJ.

Clarence D. Cruikshank, for appellant.
Daniel P. Mahoney, for respondent.

BISCHOFF, J.    This action was brought to recover the value of an overcoat alleged to have been lost from the defendant's restaurant at a time when plaintiff was upon the premises as a customer. The justice determined the issues in favor of the defendant, and, we think, correctly, since the evidence supports a fair inference that the latter was not chargeable with negligence in his manner of caring for the apparel of persons patronizing his establishment.    A restaurant keeper is not an insurer of the effects of customers who may have accepted the invitation held out by him, but, at most, is required to use only the ordinary care called for by the circumstances.    Buttman v. Dennett, 9 Misc. Rep. 462, 30 N. Y. Supp. 247. One of the defendant's employés was specially detailed to perform the duty of keeping watch over the hats and coats in the restaurant, and to keep suspicious characters away from the premises; and defendant himself occupied a position in the room, which, by reason of the presence of continuous mirrors upon the walls, enabled him to observe the actions of customers at all points.    It further appeared that the plaintiff's garment was the first which had been lost from this restaurant.    The plaintiff had not placed his overcoat in the physical custody of defendant or his servant, but had removed it, after having selected a seat, and personally placed it upon a rack.    The question, then, was merely as to the sufficiency of the general supervision exercised over the restaurant for the protection of a customer's property placed therein.    It was not made to appear that the size of the restaurant, or any special conditions, called for greater vigilance than was actually exercised; and while the justice might, perhaps, have found some slight grounds for a contrary inference, we do not consider his conclusion to have been against the evidence.    It was for him to draw the inferences from the facts, and this court is not to disturb the conclusion reached, unless manifestly erroneous, which the conclusion arrived at in this case certainly was not.    No exceptions were taken upon the trial, and the issue of fact was properly resolved, as shown.    The judgment must be affirmed, with costs.