BLOCK v. SHERRY.

(Supreme Court, Appellate Term. March 11, 1904.)

1. INNKEEPERS—RESTAURANTS—LIABILITY FOR SERVANT'S NEGLIGENCE.

While the strict rules governing the liability of hotel and inn keepers do not apply to restaurant keepers, the latter are nevertheless liable for damages caused by the negligence of their servants while in the conduct of the business for which they are employed.

2. SAME—NEGLIGENCE—WHAT CONSTITUTES.

Whether spilling a glass of water on a guest by a waiter in a crowded restaurant is negligence depends on the circumstances of the case.

3. TRIAL—ADJOURNMENTS—DISCRETION OF TRIAL JUDGE—SURPRISE.

In the absence of proof of surprise, denial of an application to·adjourn to call another witness, made near the close of the testimony, is not an abuse of discretion on the part of the trial judge.

4. SAME—BILLS OF PARTICULARS—FAILURE TO SERVE.

The fact that a bill of particulars had been demanded at the time of 'joining issue, but not served, is not of itself ground for reversal, where there is no showing that it was called to the attention of the court, or that the giving of the bill was insisted on before going to trial, or that exception was taken to going to trial without it.

McCall, J., dissenting. ·

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Clara Block against Louis Sherry. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Thomas M. Rowlette, for appellant.
Julius Offenbach and Julien Isaacs, for respondent.

GIEGERICH, J. This action was brought to recover the value of a dress worn by the plaintiff in the defendant's restaurant on the ·evening of June 26, 1903, and claimed to have been ruined by the negligence of one of the defendant's waiters. On the trial the plaintiff .gave evidence tending to show that while the plaintiff and her husband were dining on the veranda of defendant's restaurant one of the waiters spilled part of a glass of water over her dress, which completely ruined it, the material being of such a character that it could neither be renovated nor repaired so as to be of further use, and that the water

was spilled through the negligence of the servant, and that the plaintiff in no way contributed to the accident.

The defendant's testimony tended to show that the water did not come from a glass, but came from a platter containing about a half a glass of water resulting from melted ice, and that as the waiter reached over for the platter the plaintiff moved her elbow back and knocked against it, causing it to fall on the dress.

On this conflict of evidence the justice determined the issues in favor of the plaintiff, and while he might well have found, from the evidence submitted, in favor of the defendant, yet there is not such a preponderance of evidence in favor of the defendant as would warrant us in reversing the judgment on that ground.

The defendant strenuously contends that a restaurant keeper is not an insurer of the effects of the customers who may have accepted the invitation held out by him, but, at most, is required to use only ordinary care, and this is the well-settled law in this state. The strict rules governing the liability of hotel and inn keepers do not apply to the keeper of a restaurant. Carpenter v. Taylor, 1 Hilt. 193; Simpson v. Rourke, 13 Misc. Rep. 230, 34 N. Y. Supp. 11; Montgomery v. Ladjing, 30 Misc. Rep. 92, 61 N. Y. Supp. 840. But while this is so, they are still responsible for damages caused by the negligence of their servants while in the conduct of the business for which they are employed, under the well-settled rule of respondeat superior. Mott v. Consumers' Ice Company, 73 N. Y. 543, 547; Girvin v. N. Y. C. & H. R. R. R. Co., 166 N. Y. 289, 291, 59 N. E. 921; 20 Am. & Eng. Ency. Law (2d Ed.) 163.

The appellant urges that the mere fact of the spilling of a glass of water in a crowded restaurant is not negligence. Whether it is negligence or not we think depends altogether upon the circumstances, and in this case the justice who tried the action and had the witnesses before him arrived at the conclusion that the spilling was through the negligence of the servant.

It is quite true that the plaintiff cannot sustain her judgment if she in any way contributed to the damage complained of, but the finding of the judge negatives any such contention.

At the close of the testimony the defendant moved to dismiss the complaint, which was denied.

The only other point raised by this motion was the sufficiency of proof of damages; but if the testimony of the plaintiff herself is to be relied upon, as the trial justice evidently believed, then the evidence was quite sufficient to warrant the judgment rendered.

Near the close of the testimony the defendant's attorney asked for an adjournment of the trial to enable him to procure witnesses from the store which sold the goods to the plaintiff to prove that, as a matter of fact, she only paid $1.25 per yard for her dress, instead of $2, which was denied by the court. In the absence of any proof of surprise, the denial of an application to adjourn for the purpose of calling another witness, made at that stage of the trial, can scarcely be termed an abuse of discretion on the part of the trial justice.

The fact that a bill of particulars had been demanded by the defendant at the time of the joining of issue, but had never been served, is

not, of itself, ground for reversal. The record does not show that this was called to the attention of the court, or that the defendant insisted upon the giving of such a bill before going to trial, or took any exception to going to trial without it. We do not find any reversible error in the record, and the judgment should therefore be affirmed, with costs.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs.

McCALL, J. (dissenting). I cannot concur in the affirmance of this judgment. The closing incidents of the trial mark the method by which the learned justice reached the result arrived at on the trial, and in my judgment his course was erroneous. There are other features in the trial of the case which also force me to believe that justice can best be conserved by a retrial. I therefore dissent.