WILLIAM A. REA *vs.* GEORGE W. SIMMONS & another.

Suffolk. March 8. — May 7, 1886. W. ALLEN & HOLMES, JJ., absent.

A. went to the shop of B., a tailor, to try on a suit of clothes which he had ordered to be made for him. He was directed by a clerk of B. to a closet in which to hang up the clothes he was wearing and put on the new suit. This closet was used by the clerks of the shop as a place in which to hang up their coats, and as a dressing-room for customers. A. hung up his clothes in the closet, put on the new suit, and went to a mirror about thirty feet distant and in the farther end of the room therefrom, to have his suit fitted, no one being present in the room but A. and the clerk. A. then returned to the closet, meeting a person coming out as he entered it, and found that his pocket-book, watch, and other personal property, which he had left in his clothes hanging in the closet, had been stolen. A. brought an action against B. to recover the value of the property so stolen. The judge, who tried the case without a jury, found and ordered judgment for the defendant. *Held,* that no error of law appeared.

CONTRACT, to recover the value of a watch, chain, pencil, watch-key, and pocket-book with contents, against the defendants, as bailees of the goods; with a count in tort for the conversion of said goods. Trial in the Superior Court, without a jury, before *Mason*, J., who reported the case for the determination of this court, in substance as follows:

The defendants are partners, and do a large ready-made and custom-made clothing business at their shop in Boston. A large and long room in said shop on the ground floor is devoted specially to the custom-made department. In one corner of this room, opposite to where customers enter it, is a closet, four feet wide and about ten feet deep, lighted with gas. This closet is used by the clerks of the shop as a place in which to hang up their coats, and, occasionally, as a dressing-room for

customers. In the retail ready-made clothing department, on the other side of the shop, there are dressing-rooms especially provided for customers. The plaintiff went to said shop and selected material for a suit of clothes, and ordered one to be made for $16 ; and a few days thereafter, on July 3, 1884, went to have said suit tried on and fitted at said shop, and the salesman in the custom department directed him, by a motion of the hand, to the closet aforesaid, in which to hang up his clothes and put on his new suit. The plaintiff had never had his attention attracted to this closet until then, although he had been at the shop some four times in his life, and never knew of the dressing-rooms provided for customers in the ready-made department.

The gas in the closet into which the plaintiff went was not lighted, and the plaintiff hung the clothes he took off on the gas fixture and on the nails in the closet. There were other clothes hanging up in the closet at the time.

There was evidence, from an experienced tailor, that it was the custom of tailors to provide a dressing-room for customers in which to hang up their clothes and try on those which had been ordered to be made.

When the plaintiff had put on the suit, he came from the closet to be fitted. He was not attended to at once, as the salesman was talking with some one else at the time. The plaintiff, growing impatient, went back to his clothes in the closet, and looked at his watch in the pocket of his vest there to see what time it was. He then returned into the room, and the salesman came forward to examine and fit the suit. They then went to a mirror some thirty feet distant from the closet, and in the farther end of the room therefrom, where the suit was fitted. At this time there was no one else in the room but the salesman and the plaintiff, and no customer was in the room while the fitting was being done.

After the suit had been fitted, the plaintiff went immediately back to the closet and into it, meeting some one coming out. On the floor the plaintiff noticed his pin-card, and putting it back into the vest, which was hanging in the closet, he discovered that his gold watch, gold chain with gold key, gold pencil, and pocket-book with contents, all of which he had left in his clothes in the closet, were gone.

The plaintiff at once notified the salesman, but none of the articles that had disappeared could be found. About five days afterwards, the plaintiff learned that a detective was employed by the said firm, but without avail.

There was evidence that one of the employees of said firm was suspected of the theft, but never prosecuted therefor. He was, however, convicted subsequently of taking other things from the shop at times preceding the abstracting of the plaintiff's articles above mentioned, but as to which the defendants had no knowledge or suspicion prior to the plaintiff's loss.

Upon these facts, the judge found, and ordered judgment, for the defendants ; and, at the request of the plaintiff, the case was reported to this court for its opinion upon the questions of law involved. If the finding was erroneous in law, a new trial was to be had.

*W. R. Richards,* for the plaintiff.

*J. O. Teele,* for the defendants.

GARDNER, J. This case is reported to this court, " for its opinion upon the questions of law involved." No specific questions of law are stated in the report, nor does it appear that any were raised at the trial. The issue between the parties was upon the first count. The facts material to this issue were found in favor of the defendants. The decision of the presiding judge upon the evidence was conclusive. It does not appear from the report that there was any error of law in the finding and judgment of the Superior Court. *Fox* v. *Adams Express Co.* 116 Mass. 292. *Clark* v. *Burns,* 118 Mass. 275.

*Judgment affirmed.*