GENEVIEVE PHILLIPS POWERS, Appellant, *v.* HUGH O'NEILL and Another, Respondents.

*Storekeeper — when not liable for property of a customer lost while she is shopping — negligence of customer.*

In an action brought to recover damages sustained by the loss of a pocket book containing money, it appeared that the plaintiff visited the store of the defendants for the purpose of purchasing a hat for herself; that while she was trying on hats for the purpose of selecting one she took off her own hat and laid it upon the counter of the store and placed her pocket book, which contained a sum of money, under the crown of her own hat. She remained herself near her hat. There was no one in the department except the clerks. She missed her pocket book within a few minutes after she had laid it under her hat and immediately notified the saleswoman, who called the floor walker and notified him of the loss. The floor walker made some examination of the drawers and a cursory search upon the counter, and requested the plaintiff to call at the store the next morning, which she did, and the superintendent took her name and address.

*Held,* that there was no implied invitation to the plaintiff to lay down her pocket book for the purpose of trying on the hat which she intended to purchase; that the defendants were neither voluntary custodians nor custodians of any kind of the pocket book, and were under no obligation to use any care for the protection of the same; that the plaintiff was guilty of negligence which was the actual cause of the loss and which was sufficient to defeat her action.

APPEAL by the plaintiff, Genevieve Phillips Powers, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Orange on the 16th day of February, 1895, upon the dismissal of the complaint directed by the court after a trial at the Orange County Circuit, before the court and a jury.

*William S. Bennett,* for the appellant.

*Isaac Fromme,* for the respondents.

DYKMAN, J. :

This action is brought to recover a sum of money and a pocket book, which was lost in the store of the defendants in New York city, the claim of the plaintiff being that the loss was sustained by reason of the negligence of the defendants and their employees.

It appears from the testimony that the plaintiff visited the store of the defendants in New York city a few minutes before the time of closing the same, for the purpose of making a purchase of a hat for herself. While she was trying on the hats for the purpose of selecting one for herself, she took off her own hat and laid it upon the counter of the store, and placed her pocket book with the money which it contained under the crown of her own hat. She remained herself near by the hat. There was no one in the department except the clerks of the defendants. She missed her pocket book within a very few minutes after she had laid it under her hat. She immediately notified the saleswoman, who called the floor walker and notified him of the loss. He made some examination of the drawers and a cursory search upon the counter, and then said he could do nothing that night, but requested the plaintiff to call again in the morning. She called in the morning and the superintendent took her name and address. The case is destitute of evidence to show that any of the employees of the defendants saw her pocket book or had any knowledge that she had one.

The cause came on for trial at the Circuit before a jury, at the city of Newburgh, in Orange county, and at the close of the testimony on the part of the plaintiff, the counsel for the defendants moved to dismiss the complaint on the ground that no facts had been proven sufficient to sustain the action, and the motion was granted, to which the plaintiff excepted.

Counsel for the plaintiff requested permission to go to the jury on all the evidence, and on the question of the negligence of the defendants, and also on the question as to whether the employees of the defendants used reasonable care after the loss; also on the question whether the defendants were not negligent in employing incompetent servants, all of which requests were denied, and there was an exception to each denial. The counsel for the plaintiff seems to have relied upon the decision of the Court of Appeals in the case of _Bunnell_ v. _Stern_ (122 N. Y. 539). In that case the defendants were proprietors of a retail store in which there was a department for the sale of ready made cloaks.

The plaintiff was there to make a purchase of a cloak for herself, and for the purpose of trying on the cloak which she intended to purchase she took off her own cloak, and, there being no other place to put

it, laid it on a counter directly in front of a clerk, near a mirror in front of which the clerk who was waiting upon her stood with one of the defendants' cloaks to have her try it on, which she did. She did not ask, and was not told where to put her cloak. The clerk who was waiting upon her and the one at the counter observed her as she laid it down, but neither said anything. After trying on the cloak plaintiff went for her own, but it could not be found, although careful search was made for it.

It appeared that no instructions had been given by the defendants to their clerks as to the disposition of garments removed by customers in order to try on those offered for sale.

It was held by the court in that case that the defendants as voluntary custodians for profit to themselves were bound to use some care for plaintiff's property, which she had laid aside by their implied invitation; that the evidence showed an omission to exercise this care, and so they were properly held liable.

In that case the court laid great stress upon the fact that the property of the plaintiff was properly brought to the store of the defendants, and necessarily laid aside by their implied invitation in order to attend to the business in hand. They were, therefore, bound to use some care for the plaintiff's property. The court also concluded that the defendants as voluntary custodians for profit to themselves were bound to exercise some care over the plaintiff's cloak, and that on account of their absolute failure in this regard they were properly held liable by the court for the damages which she sustained.

It will be seen, however, that there is a material difference between the case of *Bunnell* and the case of this plaintiff. In this case there was no implied invitation on the part of the defendants to the plaintiff to lay down her pocket book containing her money. It was not necessarily laid aside by her for the purpose of trying on the bonnet which she intended to purchase, and, therefore, there was no implied invitation for her to do so. The defendants were neither voluntary custodians nor custodians of any kind, and, therefore, they were under no obligation to use any care for the protection of her property. The testimony offered by the plaintiff to prove the duty of a floor walker was properly excluded by the court, and the exception to such an exclusion presents no error.

Moreover, it is plain from the evidence that the plaintiff was guilty of negligence which not only contributed to but was the actual cause of her loss.   It was a careless act to lay down a pocket book containing money upon the counter of a public store and then lose sight of it.   If money is to be carried upon the person in a public place, ordinary care requires it to be carried in some secure place, and its exposure is a manifestation of great want of care.

The negligence of the plaintiff was, therefore, sufficient to defeat her action.

We fail, however, to find any negligence on the part of the defendants or their employees.

The judgment should be affirmed, with costs.

PRATT, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.