### PATTISON v. HAMMERSTEIN.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

BAILMENT—OVERCOATS OF PATRONS OF THEATER.

   The proprietor of a theater is not the bailee of the overcoat of a patron, who hangs it on a hook in a box occupied by him while witnessing a play.

Appeal from Eleventh district court.

Action by Frank A. Pattison against Oscar Hammerstein to recover damages for the loss of a coat which was taken from plaintiff's box in defendant's theater during the performance of a play. A judgment was rendered in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Geo. M. Leventritt, for appellant.
Geo. Wm. Hart, for respondent.

BISCHOFF, J. On November 25, 1895, the plaintiff purchased, and with a party of friends occupied, one of a row of boxes in the second tier, to witness the play, at the defendant's theater, "Olympia." Ingress to and egress from the box was through an opening into a passageway in the rear of the row of boxes, and the interior of the plaintiff's box was screened from view without by a curtain or portiere which was hung in the opening. The box, furthermore, was furnished with hooks, which were fastened to the side of the box, near the opening, and intended for use in the care of such

apparel as the patrons of a theater are wont to lay aside while attending the play. When the plaintiff first entered the box, two overcoats, subsequently ascertained to have been the property of the defendant's ushers, were suspended from the hooks. There was no protest against the presence of those articles, and the plaintiff suspended his overcoat alongside of the others. During the play the plaintiff visited other parts of the theater, two or more members of his party, however, always remaining in the box; and while the plaintiff was absent upon one of such visits a stranger entered the box, tarried for a short time without objection or complaint from any person, and departed. When the play was concluded, the fact was ascertained that the plaintiff's overcoat had been eloigned. The above are all the facts in evidence for the plaintiff. We are of the opinion that they are insufficient for the predication of the defendant's liability. It is urged for the plaintiff that the defendant was a bailee of the overcoat, and hence that the failure to return it upon demand, if unexplained, was prima facie evidence of negligence upon the defendant's part. Claflin v. Meyer, 75 N. Y. 260; Schouler, Bailm. § 23. The contention, however, is petitio principii. Was the defendant a bailee? Clearly not. A bailment implies the delivery of a chattel, and to subject one to liability as a bailee it is a constituent that he had voluntarily assumed or retained the custody of the chattel alleged to have been bailed. Schouler, Bailm. §§ 1, 3, 9, 21. In Bunnell v. Stern, 122 N. Y. 539, 25 N. E. 910, Bird v. Everard, 4 Misc. Rep. 104, 23 N. Y. Supp. 1008, and Buttman v. Dennett, 9 Misc. Rep. 462, 30 N. Y. Supp. 247, each, the ratio decidendi proceeded from the special circumstances, which warranted a finding that the person charged as bailee had impliedly agreed to, and did actually, assume the temporary custody of the chattel, while here the facts negative, rather than affirm, such an assumption by the defendant. There was no invitation to the plaintiff, express or implied, held out by the defendant that the former should yield his personal vigilance, even for a moment. The hooks provided by the defendant were a means of enabling the occupants of the box to care for their apparel with greater ease and comfort to themselves, but an effort to imply from the mere presence of such hooks an assumption by the defendant of the custody of whatever the occupants of the box might place thereon tortures reason. Simpson v. Rourke, 13 Misc. Rep. 230, 34 N. Y. Supp. 11, does not sustain, and is not an authority for, the plaintiff's position. The question as to whether or not the defendant there was a bailee under the circumstances in evidence was not considered. It was assumed that he was, and the judgment in his favor was affirmed because the absence of negligence upon his part was affirmatively established. The manager of a theater, in the absence of a special agreement, is not, unlike an innkeeper and common carrier of goods, upon which classes of persons the common law, from motives of public policy then prevailing, imposed an extraordinary liability, an insurer of his patrons' property, though the property may consist of apparel such as is necessarily or usually worn by the patrons and laid aside by them while attending the play. His liability is, at most, that of every person except inn-

keepers and common carriers of goods; and, granting that the manager, with regard to the persons of his patrons and the particular property alluded to, rests under a duty to observe, by himself and his servants, reasonable care to insure safety for the time being, it remains that the record before us is woefully deficient in showing that the eloignment of the plaintiff's overcoat was attributable to neglect on the part of the defendant or any of his servants.  Nothing appears to have been committed by the defendant, or any of his servants, that ought to have been left undone.   Nothing was omitted that ought to have been performed.   The defendant, whether he be regarded as a lessor or as a mere licensor, could not reasonably be expected, without a request to that effect, to prevent access by others than the plaintiff's party to their box while the latter were present therein.   How was he to know that such others were not friends or acquaintances, or their presence otherwise agreeable to all or some one of the plaintiff's party?   Nor could he be reasonably expected to eject persons other than members of the plaintiff's party while none of the latter protested against the presence of such other persons.   The burden of proof is in every case upon the party asserting the negligence of the other, and, until the fact of negligence is apparent from some act of commission or of omission, the presumption that the duty to observe due care was performed must prevail. Cosulich v. Oil Co., 122 N. Y. 118, 25 N. E. 259.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.