(109 App. Div. 53.)

WAMSER v. BROWNING, KING & CO.

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

1. BAILMENT—CONTRIBUTORY NEGLIGENCE OF BAILOR.

A prospective purchaser of a vest, who in accordance with the directions of a salesman removes the one which he is wearing, and places it where directed, and proceeds to select and try on a new vest, is not, as a matter of law, guilty of contributory negligence in the exercise of care over his vest, so as to be precluded from a recovery for it and the contents of its pockets on being stolen from where placed.

2. EVIDENCE—JUDICIAL NOTICE—WEARING OF WATCH.

It is common knowledge, of which the court may take judicial notice, that men ordinarily during business hours wear their watches in their vests.

3. BAILMENT—NEGLIGENCE OF BAILOR.

A prospective purchaser of a vest, who removes the one he is wearing and places it on a pile of clothing, as directed by a clothing store salesman, is not guilty of negligence, as a matter of law, in leaving in the vest a watch, which was not of unusual value, and the chain and charm of which were worn in the usual manner outside the vest, without drawing the attention of any of the employés in the store thereto, so as to bar recovery for their loss on their being stolen from where placed.

4. APPEAL—FINDINGS OF FACT—REVIEW.

A finding of fact on conflicting evidence will not be disturbed on appeal.

5. BAILMENT—NEGLIGENCE OF BAILEE.

An express invitation to a prospective purchaser of a vest by a clothing store salesman to remove the one he was wearing fairly embraced an invitation to such purchaser to leave in it the watch, chain, and charm which he was wearing; they not being of exceptional or unusual value.

6. SAME.

Where the proprietor of a clothing store neither makes any rules with reference to the custody or supervision over garments of customers necessarily laid aside while trying on new clothes, nor employs a floorwalker, nor gives any instructions to employés to exercise any care or supervision over such property, and no such care or supervision is exercised by any of the employés, he is liable for the loss of a customer's vest and the

contents of its pockets, laid in a certain place, as directed by a salesman while trying on another vest, since he failed to exercise necessary care.
[Ed. Note.—For cases in point, see· vol. 6, Cent. Dig. Bailment, § 51.]
Ingraham and Clarke, JJ., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Tony Wamser against Browning, King & Co. From a determination of the Appellate Term of the Supreme Court affirming a judgment of the Municipal Court of the Borough of Manhattan, Third District, in favor of plaintiff, defendant appeals. Affirmed. ·

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

Clarence E. Thornall, for appellant.
Max Schleimer, for respondent.

LAUGHLIN, J. The recovery was for the value of a watch, chain, and charm left by the plaintiff in his vest, which he placed on a pile of clothing on a table in the defendant's store while trying on a new vest with a view to purchasing the same. The plaintiff was acquainted with a salesman in the employ of the defendant. When he called at the store this salesman was engaged in waiting on another customer, but, on being informed by the plaintiff that he desired to purchase a particular kind of vest, the salesman, according to the testimony of the plaintiff, directed him to where the vests were, and also directed him to take off his vest, and place it upon the pile of clothing, and select and try on a vest. The salesman at the same time informed plaintiff that he would be there shortly to wait on him. The plaintiff was accompanied by another gentleman, and they together proceeded to where the new vests were. The plaintiff, according to his evidence, removed his vest, and placed it where he had been directed by the salesman, and proceeded to select and try on a new vest. Within a few minutes the salesman came to wait on him. When the plaintiff was ready to put on his vest again, which he had placed on the pile of clothing, it was missing and could not be found. The recovery was had and is sought to be sustained upon the theory that this constituted a bailment of the plaintiff's vest, and that it was temporarily in the custody of the defendant at the time that it, together with its contents, was stolen. It is ·manifest that it became necessary for the plaintiff to remove his vest in·order to try on the one he intended to purchase. The evidence fairly warranted the inference that he exercised such care over his vest under the circumstances as a person of ordinary prudence would have exercised, in view of the fact that his attention was necessarily diverted in selecting and trying on the new vest. It could not, therefore, be held, as matter of law, that he was guilty of any contributory neglect in this regard. The salesman denied that he directed the plaintiff where to place his vest, but the question of fact has been resolved in favor of the plaintiff.

It is contended, however, that although the defendant might be liable as custodian of the vest, it is not liable as custodian of the watch. The chain and charm were worn in the usual manner outside the vest. It does not appear whether or not they were exposed to the view of

the defendant's salesman.  We agree with the majority of the Appellate Term that it is common knowledge, of which the court may take judicial notice, that men ordinarily during business hours wear their watches in their vests.  The watch was not of an unusual value, and it cannot be said, as matter of law, that the plaintiff was guilty of negligence in leaving it in the vest without drawing the attention of any of the defendant's employés thereto.  That was a question of fact upon the evidence, and it has been resolved in favor of the plaintiff, and we are not disposed to interfere with the finding.  The express invitation to the plaintiff to remove his vest fairly embraced an invitation to leave in it the watch, chain, and charm which he was wearing; they not being of exceptional or of unusual value.  We are of opinion that the case falls fairly within the doctrine of Bunnell v. Stern et al., 122 N. Y. 539, 25 N. E. 910, 10 L. R. A. 481, 19 Am. St. Rep. 519, where it was held that a shopkeeper is the voluntary custodian for profit of a garment taken off by a customer while trying on a new garment, and that as such he was bound to show the exercise of some care in guarding the property.  In the case at bar it appears that there were other salesmen in the store and various customers.  No evidence was offered in behalf of the defendant tending to show that it made or promulgated any rules with reference to the custody or supervision over the garments of customers necessarily laid aside while trying on new clothes, or that it employed a floorwalker, or gave any instructions to its employés to exercise any care or supervision over such property, or that any such care or supervision was exercised by any of its employés.

We are of opinion, therefore, that the determination was warranted, and should be affirmed, with costs.

O'BRIEN, P. J., and PATTERSON, J., concur.  INGRAHAM and CLARKE, JJ., dissent.