TONY WAMSER, Respondent, v. BROWNING, KING & COMPANY, Appellant.

BAILMENT — WHEN SHOPKEEPER NOT LIABLE FOR LOSS OCCURRING THROUGH NEGLIGENCE OF CUSTOMER.   In an action to recover for the loss of articles stolen from a retail clothing store, it appeared that the plaintiff went to a clerk engaged with another customer and was directed to go to a designated table and wait upon himself, which he did; for the purpose of trying on the garments he desired to purchase, he laid aside, on an adjoining table, his coat and vest containing his watch, chain and cigar, cutter; no other clerk was in the immediate vicinity to watch the clothing; a number of persons were in the store examining goods, passing and repassing; while plaintiff was engaged in trying on garments the vest and its contents were stolen.   *Held*, that the loss occurred through his own negligence, and a recovery could not be sustained.

*Wamser* v. *Browning, King & Co.*, 109 App. Div. 53, reversed.

(Argued November 23, 1906; decided January 8, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 27, 1905, affirming a judgment of the Appellate Term which affirmed a judgment in favor of plaintiff entered upon a decision of the Municipal Court of the city of New York.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clarence E. Thornall* for appellant.   Plaintiff himself was negligent, as he did not take ordinary care of his property. (*Trowbridge* v. *Schriever*, 5 Daly, 11.)

*Max Schleimer* and *Louis Levene* for respondent.   As a voluntary custodian for profit to itself, the defendant was bound to use care of plaintiff's property and for the omission was properly held liable. (*Burnett* v. *Stern*, 122 N. Y. 539 ; *Woodruff* v. *Painters*, 150 Penn. St. 91 ; *Adams* v. *N. J. St. Co.*, 151 N. Y. 163 ; *Morris* v. *T. A. R. R. Co.*, 1 Daly, 202 ; *Arthur* v. *Pullman Co.*, 44 Misc. Rep. 229 ; *Markoe*

v. *Tiffany Co.*, 26 App. Div. 94; *Lockwood.* v. *M. S. Co.*, 28 App. Div. 68.)

HAIGHT, J.   This action was brought to recover the value of a watch, chain and cigar cutter, which were stolen from the plaintiff in defendant's store.   The defendant is a corporation engaged in conducting the business of a clothing store in the city of New York.

The plaintiff, in company with one Ernest Mayer, a friend, called at the defendant's store for the purpose of purchasing a garment and went to Stumpf, a clerk with whom they were acquainted and asked for a vest.   Stumpf was then engaged in waiting upon another customer, but according to the plaintiff's testimony, told him that the vests were piled up on a table some distance away on the side of the store, pointing to it; that he could go over and help himself; that he could select a vest, lay his clothing on an adjoining table and try it on and that he would come over as soon as he could get through with the customer that he was attending.   The plaintiff thereupon went to the table, selected a vest, took off his coat and vest and tried the new one on in the presence of his friend and companion.   At the time there were quite a number of persons in the store examining goods and the clerks were busy.   After ten or fifteen minutes Stumpf finished with the customer upon whom he was attending and then came over to the plaintiff.   The plaintiff then handed to him the vest that he had tried on and told him to do it up, that he would take it, and turned to put on the clothing that he had laid aside upon the adjoining table. In the meantime his companion had departed.   He found his coat but his vest was missing, in the pockets of which were the watch, chain and cigar cutter.   Search was immediately made by the plaintiff, Stumpf the clerk and others, but it could not be found.

The Municipal Court rendered judgment for the plaintiff for the value of the watch, chain, etc., and this judgment was affirmed by the Appellate Term and Appellate Division.

Upon the argument of this case in this court the question
was discussed by counsel as to whether a recovery could be
had for articles of jewelry which were in the pockets of the
stolen garment, the contents of the pockets not having been
disclosed to the defendant or any of the clerks in its employ,
but under the view taken by us of the case it becomes
unnecessary to determine that question.

In the case of *Bunnell* v. *Stern* (122 N. Y. 539) the ques-
tion of the liability of proprietors of retail stores was consid-
ered in this court. In that case the plaintiff went to a store
for the purpose of purchasing a wrap. She was attended by
a saleswoman and had selected a garment and then took off
her cloak in the presence of the saleswoman and tried on the
wrap. She laid it upon a counter in presence of the sales-
woman who was attending upon her and in front of another
saleswoman who saw her lay it down. She then tried on the
wrap and in the course of four or five minutes turned to get
her cloak but found that it had been stolen in the meantime.
In that case it was held that the defendant was guilty of neg-
ligence and was liable for the loss; that it was the duty of
those conducting a retail store to exercise reasonable care
with reference to the property of their customers which is laid
aside temporarily upon the invitation of the dealer and with
his knowledge in order to examine an article or determine
whether it will fit.

The question now arises as to whether the plaintiff's claim
is brought within the rule of that case. We think it is not.
As we have seen, the plaintiff went to the clerk Stumpf.
Stumpf was engaged with another customer and so told him.
He, however, pointed to a table upon which the vests were
piled and told the plaintiff that he could go over there and
wait upon himself. The plaintiff did go to the table desig-
nated, in company with his companion, and together they
selected a vest. The plaintiff then laid his coat and vest upon
an adjoining table and tried on the vest selected. At that
time he knew that Stumpf was occupied with another cus-
tomer some distance away and was not there to personally

watch and care for the garments laid aside. No other clerk was in the immediate vicinity to watch the clothing. The plaintiff knew of the contents of the pockets of his vest that he laid upon the table and yet with nothing to occupy his attention other than the trying on of a vest, his vest and its contents were permitted to be stolen almost in front of his own eyes and within six feet from the place where he stood. Had Stumpf, the clerk, been present attending upon him, and the clothing had been laid aside by his invitation before his eyes so that he had an opportunity to watch and care for it, a different question would have been presented. We, therefore, are of the opinion that the loss occurred through the negligence of the plaintiff and that the judgments should be reversed and a new trial granted, with costs to abide event.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgments reversed, etc.