## DELMOUR v. FORSYTHE.

(Supreme Court, Appellate Term.  April 8, 1911.)

BAILMENT (§ 14*)—CARE OF PROPERTY.

Where a clerk of a retail merchant took a female customer, desiring to purchase a shirt waist, into the fitting room, and the customer, in the presence of the clerk, removed her wrap and watch attached to it, and placed them, at the request of the clerk, on a table, the merchant must exercise some degree of care for their protection; and where he failed to do so, and the watch was lost, he was liable therefor.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 45–56; Dec. Dig. § 14.*]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jennie Delmour against John Forsythe.  From a judgment for plaintiff, after a trial before the court without a jury, defendant appeals.  Affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Sackett, Chapman & Stevens (George H. Turner, of counsel), for appellant.

House, Grossman & Vorhaus (Alfred Beekmann, of counsel), for respondent.

SEABURY, J.  The evidence in this case, given on the part of the plaintiff, and which was credited by the trial justice, shows that the plaintiff, accompanied by a lady friend, visited the defendant's store to purchase a shirt waist.  After examining several, she selected about a dozen in the general show room.  These were carried by a saleslady, an employé of the defendant, to a small fitting room, into which she was followed by the plaintiff and her friend.  As they entered the fitting room, the plaintiff removed her watch, which was attached to her coat by a gold pin.  She then removed her coat, and laid it, together with the watch, upon a small table standing in the room.  This was done in the presence and full view of the saleslady, who told the plaintiff to place her things upon this table while she removed her waist for the purpose of being fitted.  After a waist had been selected and fitted, by a fitter who subsequently entered the room, the plaintiff put on her coat, but could not find her watch, and a diligent search failed to disclose it.  This action was brought to recover its value.

Upon the facts proved, it is evident that the defendant was under the duty of exercising some degree of care in reference to the plaintiff's coat and watch.  The court was justified, upon the evidence, in finding that the defendant exercised no care whatever in the premises. In Bunnell v. Stern, 122 N. Y. 539, 25 N. E. 910, 10 L. R. A. 481, 19 Am. St. Rep. 519, the court said:

"Under these circumstances we think that it became their (defendants') duty to exercise some care for the plaintiff's cloak, because she had laid it aside on their invitation and with their knowledge, and without question or notice from them had put it in the only place that she could.  The considera-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion for the implied contract imposing that duty resided in the situation of the plaintiff and her property, for which the defendants were responsible, and in the chance of selling the garment which she had selected."

In Wamser v. Browning, King & Co., 187 N. Y. 87, 79 N. E. 861, 10 L. R. A. (N. S.) 314, it was clearly intimated that the defendant would have been held liable if the clerk had been attending the customer—

"and the clothing had been laid aside by his invitation before his eyes, so that he had an opportunity to watch and care for it."

I think that the evidence in this case presented merely a question of fact, and that the decision of the learned trial justice is sustained by the evidence. The evidence as to the value of the watch and pin was sufficient to sustain the award which the court below made.

Judgment affirmed, with costs.

PAGE, J., concurs.

BIJUR, J. (dissenting). Defendant is a corporation. Plaintiff, accompanied by a lady friend, visited defendant's shop to purchase a shirt waist. After looking over a number of waists, she selected about a dozen in the general show room. These were carried by the saleslady, who had waited on her, into a small fitting room, into which she was followed by plaintiff and her friend. The fitting room was formed by partitions which separated it from the main room. While the fitting room had in it hooks and a closet, I lay no stress on that point. The fitting room contained also two chairs and a small table.

Before the plaintiff, her friend, and the saleslady entered the fitting room, plaintiff removed her coat, to which was attached by a gold pin a gold watch. Plaintiff had also removed the watch from her coat, and held it in her hand, when the saleslady ushered her into the fitting room. She had no conversation about the watch in the fitting room with the saleslady. Nothing was said about it until it was missed. In the fitting room the saleslady told her to place her "things" on the table while she removed her waist. Plaintiff thereupon laid on the table her watch and coat. I recite these circumstances in full, because to a large extent they seem to me to be determinative of the issue. Plaintiff was asked by her counsel:

"Q. Was there anything said by the lady who waited upon you after you found the watch was missing? A. Yes. The saleslady had noticed the watch on the table, and gave a description of it. Defendant's Counsel: I object to that; it is a conclusion. Plaintiff's Counsel: Q. What did she say? A. She said it was a pretty watch, etc. Q. Did she describe it? A. Yes. Q. When was this? A. Just after I missed my watch. * * * Q. She said she had seen the watch, and described it? A. Yes."

While it may be that technically plaintiff's statement that the saleslady had seen the watch *on the table* was not actually stricken out, still, it seems to me to be only fair to treat that statement as having been eliminated. There is no other evidence indicating when the saleslady had noticed plaintiff's watch, except, perhaps, at the time when the saleslady first waited on her, when plaintiff testifies that she wore this watch pinned to the outside of her coat. There is not even any

indication that the watch was laid on the table in such a way as to make it visible to the saleslady in the fitting room; and if any inference is to be drawn, it is rather to the contrary, since the table was a small one, and plaintiff laid her coat down, and immediately thereafter it was covered by the pile of waists.

After a waist had been selected and fitted by a fitter, who subsequently entered the room, plaintiff put on her coat, but could not find her watch, and a diligent search made by defendant's employés failed to disclose it. The action is brought for its value, on the theory that defendant, from the nature of its business, invited the plaintiff to remove part of her clothing and to leave it in defendant's custody, who thus became "a voluntary custodian for profit to itself" (see Bunnell v. Stern, infra), and that it was guilty of negligence in not either providing a safe place or in not otherwise properly guarding the plaintiff's property.

Plaintiff respondent's chief reliance is on the case of Bunnell v. Stern, 122 N. Y. 539, 25 N. E. 910, 10 L. R. A. 481, 19 Am. St. Rep. 519. In that case, however, plaintiff's loss was of her cloak, necessarily removed in trying on cloaks. Had plaintiff's loss in the case at bar been of her coat, necessarily removed and laid aside in order to try on waists, an entirely different question would be presented. Defendant's invitation cannot be held to extend to placing into its custody a watch, entirely separated from clothing, and certainly not without special notice, on the facts disclosed in this case. Indeed, plaintiff testified that she handed her bag, containing rings and money, to her friend. It would seem to be altogether reasonable that she should have made the same disposition of her watch. This case is more nearly governed by the reasoning in Powers v. O'Neill, 89 Hun, 129, 34 N. Y. Supp. 1007, where plaintiff laid her purse on a counter in order to try on a hat. For the loss of the purse, defendant was held not liable.

In the case at bar, also, plaintiff was guilty of contributory negligence in placing a small article of jewelry on a little table covered by her own coat and a pile of shirtwaists. See Powers v. O'Neill, supra. In the case of Wamser v. Browning, King & Co., 187 N. Y. 87, 79 N. E. 861, 10 L. R. A. (N. S.) 314, the defendant was held not liable for the loss of plaintiff's watch and chain, *which remained in his vest;* he having laid the vest on a counter, in the absence of defendant's clerk, in order to try on a new vest. Although it is true that the court there says that, had the vest been laid aside at the invitation of a clerk and in his presence, *a different question would have been presented,* the court does not definitely indicate what the answer to the question in that event would have been. But, apart from that, the case is easily distinguishable from the one at bar by an important practical consideration, which I regard as determinative, namely, that, in the Wamser Case, the plaintiff left his watch and chain in the vest. Had the plaintiff in the case at bar left the watch pinned to her coat, it may also be said that a different question would have been presented on this appeal.

Had I not reached this conclusion on the main issue, I should be disposed to reverse for insufficient proof of the value of the watch, for

the reasons stated by the learned trial judge, who accepted the testimony with the greatest reluctance and doubt.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.