### BARNES v. STERN BROS.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

BAILMENT (§ 14*)—STOREKEEPER'S LIABILITY FOR CUSTOMER'S PROPERTY.

>    Where merchants provided a place at their credit desk where valuables might be left for safe-keeping, and placed a sign to that effect in their dressings rooms, but a customer who left his clothing in a dressing room while being fitted with a new suit, through forgetfulness left his pocketbook in his trousers pocket without the knowledge of the merchants or their salesmen, the merchants were not liable for the loss of the pocketbook by theft, even though negligent, since, though there was a bailment of the clothing necessarily laid aside on their invitation, it was not necessary to leave the pocketbook in the dressing room, and they never voluntarily assumed or obtained custody of the pocketbook or the money therein, nor expressly or impliedly invited a surrender thereof into their custody, except at their credit desk.

>    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 45–55; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William Barnes against Stern Bros. From a judgment in favor of plaintiff, defendants appeal. Reversed and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Edgar H. Rosenstock, of New York City, for appellants.

Olcott, Gruber, Bonynge & McManus, of New York City (Paul T. Kammerer, Jr., of New York City, of counsel), for respondent.

SHEARN, J. The judgment appealed from held the defendant liable for a sum of money ($185) alleged to have been stolen from the clothing of the plaintiff while he was a customer in the defendant's store. Plaintiff, having selected a suit for purchase, tried on the coat and vest, and then, at the invitation of the salesman, in order to try on the trousers, went into a dressing room, put on the new trousers

there, and, leaving his old trousers in the dressing room, went with the salesman to the fitter, who was located on the same floor. When plaintiff returned to the dressing room, he found that his wallet, containing $185, which he had left in the pocket of his trousers, was missing. The trousers were still there.

At the time defendants were conducting a special sale. There were a large number of customers present, and the sales force had been increased for the occasion. There were but four dressing rooms, which were in constant demand. These rooms were not locked, and it was the custom for both salesmen and customers to open the doors to find out if the rooms were already in use. In the dressing room just above the mirror, about 6½ feet from the floor, there was a sign reading:

"Not responsible for customers' garments or other property, unless left at credit desk on this floor."

There was a place on that floor, the credit desk, referred to on the sign, where valuables might be left for safe-keeping. It is not claimed that plaintiff at any time before discovering his loss informed the salesman or any other representative of defendant that a wallet containing a large sum of money was in his trousers pocket, and concededly defendant had no knowledge whatever that plaintiff had this money on his person, or that he had left it in the dressing room.

Plaintiff's recovery is based by his counsel upon two propositions, stated as follows:

"That there was a bailment of the plaintiff's clothing and its contents into the temporary safe-keeping of the defendant, and that the defendant was negligent in the execution of this bailment, without any contributory negligence on the part of the plaintiff."

While it is clear that there was a bailment of the plaintiff's clothing, necessarily laid aside on the invitation of the defendants, and that the fact would have warranted a finding of negligence on the part of the defendants, had the clothing been stolen, it seems equally clear that there was no bailment of plaintiff's wallet and the sum of $185 contained therein. There was no delivery of the money to the defendants. The defendants did not voluntarily assume or obtain custody of the money. Neither did the defendants expressly or impliedly, invite a surrender of plaintiff's money into their custody, except by the sign requesting that valuables be left at the credit desk. In the absence of knowledge that plaintiff had left the money in the dressing room, and in the absence of an invitation, either express or implied, so to do, there could be no bailment. Wentworth v. Riggs, 159 App. Div. 899, 143 N. Y. Supp. 955; Pattison v. Hammerstein, 17 Misc. Rep. 375, 39 N. Y. Supp. 1039; McAllister v. Simon, 27 Misc. Rep. 214, 57 N. Y. Supp. 733; Powers v. O'Neill, 89 Hun, 130, 34 N. Y. Supp. 1007; Wamser v. Browning, King & Co., 187 N. Y. 87, 79 N. E. 861, 10 L. R. A. (N. S.) 314.

Plaintiff contends that there was an implied invitation to leave the pocketbook in the dressing room, on the authority of cases holding that what one must *necessarily* lay aside in a store while making or examining his purchase he is invited to lay aside. Bunnell v. Stern, 122 N. Y. 539, 25 N. E. 910, 10 L. R. A. 481, 19 Am. St. Rep. 519; Wood-

ruff v. Painter, 150 Pa. 91, 24 Atl. 621, 16 L. R. A. 451, 30 Am. St. Rep. 786. But this begs the question. While it was necessary for the plaintiff to lay aside his trousers in the dressing room, there was no necessity whatever for his leaving his pocketbook in the dressing room. In fact, plaintiff did not intimate in his testimony that this was necessary, and accounted for it by the frank statement:

"It never appealed to me at the time about my having my pocketbook in my pocket. It never came to my mind at all."

Paraphrasing Mr. Justice Seabury's language in the Wentworth Case, 79 Misc. Rep. 403, 406, 407, 139 N. Y. Supp. 1082, 1087:

"If he wished to deposit the wallet and money in the exclusive possession of the defendants, he should have availed himself of the accommodations which the defendants provided for that purpose. If he had done this, the defendants would have been liable."

The contents of the pockets not having been disclosed to the defendants, or to any of the clerks in their employ, and it having been entirely unnecessary and a mere piece of forgetfulness on plaintiff's part that the pocketbook was left in the dressing room, no case of liability was made out. To extend the rule appertaining to garments necessarily laid aside in a store to any and all articles and sums of money secreted within the garments, of which the storekeeper and his agents have no knowledge whatever, would impose an unjust and burdensome liability upon merchants, and hold out an invitation to fraudulent claims, against which a storekeeper would be absolutely defenseless.

Judgment should be reversed, with costs, and the complaint dismissed upon the merits, with costs. All concur.