### SCHWARTZ v. MANN. (No. 14.)

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

1. LANDLORD AND TENANT ⬉164—TENEMENT HOUSE—HALLWAY—FAILURE TO LIGHT.

There being no common-law duty on the owner to light the hallway of a tenement house, no liability for injuries received for want of artificial light therein can arise, in the absence of an order of the tenement house department requiring such light.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ⬉164.]

2. LANDLORD AND TENANT ⬉169—TENEMENT HOUSE—HALLWAY—GLASS IN DOORS—QUESTION FOR JURY.

Where, in an action for personal injuries caused by insufficient light in the hallway of a tenement house, the evidence whether there was a requisite amount of glass in the end doors was inconclusive, the question was properly submitted to the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. ⬉169.]

3. TRIAL ⬉199—FUNCTION OF COURT—LEGAL OBLIGATION—SUBMISSION TO JURY.

It was improper to submit to the jury the question "whether defendant was under legal obligation" to have a gaslight burning, as such questions of legal obligation are for the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 467–470; Dec. Dig. ⬉199.]

Appeal from City Court of New York, Trial Term.

Action by Joseph Schwartz against Sarah Mann. From a judgment for plaintiff, defendant appeals. Reversed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Nadal, Jones & Mowton, of New York City (Thaddeus G. Cowell, of New York City, of counsel), for appellant.

Lewis A. Rosen, of New York City, for respondent.

SHEARN, J. [1-3] The hallway in the tenement where plaintiff stumbled upon a step and fell was located on the second floor. It is conceded that there is no common-law duty to light the stairs and hall-

─────────

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ways of a tenement house. The plaintiff could only recover by establishing a violation of the Tenement House Law (Consol. Laws, c. 61). Section 74 contains the provision concerning the maintenance of artificial light between sunrise and sunset. Such lighting is only required when, in the opinion of the department charged with the enforcement of the Tenement House Law, the hallway is not sufficiently lighted. Plaintiff was injured at about 6:30 a. m. The sun rose on that day at 5:08. There was no evidence that there was any order issued by the tenement house department requiring the owner to keep a light burning in the hallway. Consequently the question of artificial light was out of the case, and liability turned on whether there was the requisite amount of glass in the doors at the end of the hall. On this issue, although the evidence could have easily been made certain, the testimony was inconclusive, and warranted submission to the jury. But the court, in addition, submitted to the jury the question whether "the defendant was under legal obligation to have the gaslight burning at the time of the accident." Questions of legal obligation are, of course, for the court, and not for the jury; but, as above pointed out, the question of burning a gaslight in the hall was out of the case.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.