MARIE ROBIN, Respondent, *v.* ARBEL F. COLAIZZI and MARY C. COLAIZZI, Administrators with the Will Annexed of DOMINICK L. COLAIZZI, Appellants.

(Supreme Court, Appellate Term, Second Department, September, 1917.)

Bailment — restaurant keepers — bailor and bailee — judgments.

> The plaintiff visited a restaurant kept by defendants' intestate and handed to her escort her pocketbook which had in it a sum of money and a diamond ring. He put it in his overcoat pocket and checked the coat in the coat room and when later, on request, the coat was returned to him the pocketbook was gone. *Held,* that in the circumstances defendants' intestate did not become the bailee of the pocketbook, was not liable for its loss and that a judgment in favor of plaintiff should be reversed and the complaint dismissed.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, first district, in favor of the plaintiff and against the defendants, rendered on the 28th day of February, 1917.

Frank H. Reuman, for appellants.

Frederick W. Hamberg, for respondent.

JAYCOX, J. The action was brought to recover the value of a pocketbook and its contents, lost in the restaurant of the defendants' intestate under the following circumstances which are undisputed and are con-

tained in a statement made by the plaintiff's attorney at the opening of the trial: " The plaintiff visited the defendant's restaurant with an escort and she handed her pocketbook which had in it eleven dollars in bills and her diamond ring to her escort and her escort put the pocketbook in his pocket and checked his overcoat in the coat room; when he later asked for his coat, the coat was returned to him and the pocketbook was gone.''

The question involved in this case is, under the circumstances here disclosed, did the defendants' intestate become the bailee of the lost pocketbook and its contents?

None of the cases upon the subject relied upon by the plaintiff hold the defendant in such an action liable as bailee, unless he knew the lost article was in his possession or unless the article which he did receive was of such a character that the presence of the lost article or articles of a similar nature might be presumed. The first case cited by plaintiff to sustain her recovery is *Hasbrouck* v. *New York Central & Hudson R. R. R. Co.,* 202 N. Y. 363. The lost articles in that case were some clothing and jewelry and twenty-five dollars in money that were contained in a suit case which the plaintiff carried with her upon the train of the defendant. The court said, at page 377: " The plaintiff took the articles in question with her for personal use at a reception to be held at the end of her journey and a small amount of money for use in case of emergency. The jewelry was adapted to her tastes, habits and standing, as the court found upon sufficient evidence, and the amount of money was no greater than was found to be reasonable and prudent.'' The delivery of the suit case was implied notice that it contained such articles as might appropriately be carried as hand baggage. The court having found that the articles in

Appellate Term, Second Department, September, 1917. [Vol. 101.

question were appropriate articles to be carried in that manner, the defendant upon receipt of the suit case became liable for its contents. In *Delmour* v. *Forsythe*, 128 N. Y. Supp. 649, the watch in question was placed on a table at the request of and in the presence of a clerk of the defendant. The defendant was held to be a bailee and charged with the duty of exercising some care. *Appleton* v. *Welch*, 20 Misc. Rep. 343, was to recover for hats and coats delivered to a waiter and which were lost while thus in the defendant's custody. *Buttman* v. *Dennett*, 9 Misc. Rep. 462, was for articles of wearing apparel placed in the custody of the defendant for safe keeping. These are all cases cited by the plaintiff as supporting her position.

The case most nearly analogous to this case is *Nathan* v. *Woolverton*, 69 Misc. Rep. 425; affd. on opinion below, 147 App. Div. 908. In that case a passenger upon a railway checked his trunk without notice that it contained anything but ordinary personal baggage, though the trunk in fact contained merchandise of very large value, and it was there held, so far as the jewelry in the trunk was concerned, there was no contract as to it and the defendant had no knowledge it was in its possession. This being so the plaintiff had no cause for action.

The following cases all arise out of facts similar to those involved in the instant case and illustrate the same principle as *Nathan* v. *Woolverton, supra; Feder* v. *Simon,* 157 N. Y. Supp. 895; *Barnes* v. *Stern Bros.,* 89 Misc. Rep. 385; *Schleef* v. *Foodcraft & Co.,* 155 N. Y. Supp. 209; *Powers* v. *O'Neill,* 89 Hun, 129; *Warmser* v. *Browning, King & Co.,* 187 N. Y. 87, revg. 109 App. Div. 53; *Montgomery* v. *Ladjing,* 30 Misc. Rep. 92; *Pattison* v. *Hammerstein,* 17 id. 375; *Wentworth* v. *Riggs,* 159 App. Div. 899, revg. 79 Misc. Rep. 400.

The judgment should be reversed and as it is appar-

ent that the facts could not be changed upon a new trial the complaint should be dismissed, with costs.

Judgment reversed, with thirty dollars costs, and the complaint dismissed, with appropriate costs in the court below.

Clark and Benedict, JJ., concur.

Judgment reversed, with costs.