WILLIAM N. WALKER, Respondent, *v.* CITY OF BUFFALO, Appellant.

(Supreme Court, Erie Special Term, March, 1919.)

Municipal corporations — not liable for loss of property in public bath-house — bailments — negligence.

A city which maintains a bath-house for gratuitous public use is not the bailee of the property of a bather therein, and in the absence of proof of negligence is not liable for the loss of a sum of money taken from the pocket of the bather's trousers.

Where in an action against the city for the loss of the money it appears that plaintiff, after his bath, discovered that his trousers, which he had hung on the hook nearest the door of his compartment, which had no lock, were gone and though he found them in the next compartment, his money was missing from the pocket of his trousers, and it further appears that no sign or

notice was posted as to valuables and no place provided for the keeping of money, jewelry and other similar articles and that plaintiff, who had used the bath-house before, and was familiar with its arrangement and operation, had failed to notify the city employee in charge or entrust the money to him, a judgment in plaintiff's favor will be reversed and a new trial granted.

APPEAL by defendant from a judgment of the City Court of Buffalo.

Andrew P. Ronan, assistant city attorney, for appellant.

E. H. Gidley, for respondent.

SEARS, J. For a number of years the city of Buffalo has maintained a public bath-house, the use of which is offered to the public *gratis.* The house contains, besides a general shower-bath used by boys, two corridors affording access to fourteen individual shower-bath compartments, seven off each corridor. A person standing in one of the corridors cannot see into the other. The city employs two men to take charge of this bathing establishment, whose duties are to take care of the house in general; to see that persons desiring baths are assigned to the particular bathrooms and supplied with towels and soap, and to prevent the bathers occupying compartments more than the allotted time.

On the evening of December 1, 1918, the plaintiff went to the bath-house to take a bath. He had with him two parcels, one containing a suit of clothes, and the other a pair of shoes. When he entered, he spoke to one of the men in charge, the other being away from the building at the time of the occurrences involved in this case. He found the house fully occupied with bathers, and had to wait a quarter of an

hour, or thereabouts. He asked the man in charge if he could leave his parcels with him, and the man in charge answered that he could lay them down, and that they would be all right. The plaintiff did so. He was finally assigned to compartment No. 12. The compartment consisted of a bathing section which was divided from the rest of the room by a slate slab extending to a height above a man's head. On the wall on the other side of this slate slab from the bath was a row of hooks and a small seat. The plaintiff took off his clothes and hung them on the hooks, his trousers being hung on the hook nearest the door. The door in opening swung into the compartment and toward the wall opposite that upon which the clothing was hung. There was no lock or bolt upon the door. Upon finishing his bathing, the plaintiff discovered that his trousers were gone from the hook on which he had hung them, and, on making search, he found them lying on the seat in the next compartment, but $121.20 in currency which he had had with him, were missing from his trousers' pocket. He at once called the loss to the attention of the man in charge, but was unable to understand the man's replies on account of his being a foreigner, so immediately went to a police station, and there reported the loss. The parcels which were left with the man in charge were duly returned to him.

No sign or notice was posted about the building as to valuables, and no place was provided for the keeping of money, jewelry or other similar articles. The plaintiff had used the bath-house before, and was familiar with its arrangement and operation.

The man employed by the city at the bath-house, who was not present at the time of these occurrences, testified that he had, in the past on different occasions, received money from persons using the baths, and had kept it for them.

Upon these facts, the City Court rendered judgment in favor of the plaintiff for the amount of money lost.

The City Court judge predicated liability upon negligence, and this is the only theory upon which a recovery could possibly be sustained. The city was in no sense a bailee of the property. *Wentworth* v. *Riggs,* 159 App. Div. 899, reversing 79 Misc. Rep. 400, on the dissenting opinion of Seabury, J.

To sustain the verdict, the evidence must establish negligence on the part of the city, and the plaintiff's freedom from contributory negligence.

The public bath was established by the municipality to afford free bathing facilities to persons who would not be expected to have bathing facilities in their own homes. Such people would not be expected to have with them more than very small sums of money. In this case, the city's agents had no knowledge that the situation of the plaintiff was other than that usually to be expected, and such care as was commensurate with the situation reasonably to be expected was required. Considering, then, the presence of the city's agent and the duties that he was reasonably called upon to perform, I am of the opinion that the city's negligence was not established.

The case is distinguishable from *Bunnell* v. *Stern,* 122 N. Y. 539, in that in that case the garment which was taken was laid aside at the invitation of the storekeeper, as a part of the storekeeper's business, in full view and under the protection of the storekeeper's clerk. Nor are the sleeping-car cases analogous (*Carpenter* v. *New York, N. H. & H. R. Co.,* 124 N. Y. 53; *Goldstein* v. *Pullman Co.,* 220 id. 549), for in those cases the service is for hire, and the sleeping-car company has reason to expect the presence of valuables in the possession of travelers.

If, however, the defendant can be considered guilty

of negligence, the plaintiff is equally guilty of contributory negligence. He knew of the method of operating the bath-house, and its arrangement. He knew of the presence of the money, which the bath-house man did not. He knew of the absence of locks on the door of the compartment. He hung his trousers in the place where one could most easily reach them from the corridor. He failed to notify the city employee, or to entrust his money to his charge. The judgment, therefore, must be reversed, and a new trial granted, with costs to the appellant.

Judgment reversed and new trial granted, with costs to appellant.