### FEDER v. FRANKLIN SIMON & CO.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

BAILMENT ⊂⟹14(4)—LIABILITY OF BAILEE—SHOPKEEPER'S LIABILITY FOR CUS-
TOMER'S PROPERTY—"THINGS."

Plaintiff, going into defendant's store and shown a place to put her things while she was trying on the dress, and assured by the saleswoman that her things were positively safe, and who thereupon put her purse and coat on the chair indicated by the saleswoman, and who on going back for them found that her purse was gone, could not recover the value of the purse and its contents, as defendant was liable for its loss only if it assumed its custody, and as it assumed its custody only if it invited plaintiff to place it on the chair indicated, and as the invitation to try on the dress did not impliedly invite plaintiff to lay aside her purse the

custody of which she might have retained, and as the express invitation to place her "things" on the chair did not include her purse.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 51; Dec. Dg. &#x25c9;&#x21c0;14(4).

For other definitions, see Words and Phrases, First and Second Series, Thing.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Emily Feder against Franklin Simon & Co. From a judgment in favor of plaintiff, and against the defendant, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Strauss, Reich & Boyer, of New York City (David C. Lewis, of New York City, of counsel), for appellant.

William Rabinowich, of New York City, for respondent.

LEHMAN, J. The plaintiff testified that on the 15th day of July, 1915, she went to the defendant's store to buy a dress. A saleswoman showed her a place to put her clothes while she was trying on the dress. She asked the saleswoman, "Are my things perfectly safe?" The saleswoman answered, "Positively." The plaintiff thereupon put her purse, hat, and coat on the chair indicated by the saleswoman and tried on a dress. When she went back to the chair, after deciding to buy the dress, the purse was gone. Upon this testimony the plaintiff has recovered a judgment for the value of the purse and its contents.

The defendant is responsible for the loss of the purse only if it assumed its custody. It assumed its custody only if it invited the plaintiff to place it on the chair indicated. In the case of Bunnell v. Stern, 122 N. Y. 542, 25 N. E. 911, 10 L. R. A. 481, 19 Am. St. Rep. 519, the Court of Appeals held that an invitation "to do a given act extends by implication to whatever is known to be necessary in order to do that act," and that therefore an invitation by a store to try on a new coat implied also an invitation to lay aside the coat which the customer was wearing, and made the store a custodian for profit of the garment so laid aside. The rule of this case can, however, not be extended beyond the reason for the rule, and in the absence of knowledge the owners of a store do not become custodians of articles laid aside by a customer unless the customers are expressly invited to do so or invited by necessary implication. In the recent case of Barnes v. Stern Bros., 89 Misc. Rep. 385, 151 N. Y. Supp. 887, this court held that a store does not become a bailee of valuables left in the pockets of a garment laid aside to try on a new garment. It seems to me quite clearly, when the defendant invited the plaintiff to try on the dress, it did not implicitly invite the plaintiff to lay aside the purse which she was carrying. The plaintiff could well have tried on the dress, and yet continued to keep her purse in her own custody.

The only question remaining is whether the express invitation to place her "things" on the chair may be construed as including her purse. It seems to me that such a construction is impossible. These words,

under the circumstances disclosed, obviously mean only such "things" as would necessarily and reasonably be left on a chair while a customer was trying on a dress, and do not include articles of value which the customer was holding in her hand, and which she could reasonably be expected to keep under custody.

The judgment should therefore be reversed, with $15 costs, and the complaint dismissed, with costs. All concur.